UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, SAFECO INSURANCE COMPANY OF ILLINOIS, INC., and SAFECO CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP INC., OPTUMINSIGHT, INC., and CONCENTRA INTEGRATED SERVICES, INC.,<br><br>Defendants. | Case No. 2:13-cv-00732RSM<br><br>ORDER ON MOTION TO REMAND |

## I. INTRODUCTION

This matter comes before the Court upon plaintiffs' motion to remand for lack of diversity jurisdiction. Dkt. # 33. Defendants collectively removed this action to federal court on April 25, 2013 pursuant to 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441. Dkt. # 1. On May 2, 2013, plaintiffs moved to remand to the King County Superior Court of Washington arguing that complete diversity could not be established and, therefore, federal jurisdiction was defeated. After careful consideration of the complaint and attachments thereto, the parties' memoranda, and the remainder of the record, the Court shall deny plaintiffs' motion.

## II. PROCEDURAL BACKGROUND

Plaintiffs Safeco Insurance Company of America ("SICA"), Safeco Insurance Company

ORDER - 1

1  of Illinois ("SICI"), and Safeco Corporation ("Safeco Corp.") (collectively, "Safeco" or
2  "plaintiffs") filed a First Amended Complaint ("FAC") in King County Superior Court alleging
3  seven state law claims.  Dkt. # 1-1.  The following five claims were alleged against defendants
4  OptumInsight, Inc. ("OptumInsight") and UnitedHealth Group Inc. ("UnitedHealth"): (1)
5  tortious interference; (2) fraudulent misrepresentation by omission; (3) fraudulent concealment;
6  (4) equitable indemnification; and, (5) unjust enrichment.  The remaining claims for breach of
7  contract and contractual indemnification were brought against defendant Concentra Integrated
8  ("Concentra").  The FAC alleges that defendants licensed Ingenix's databases for plaintiffs'
9  use in adjusting insurances claims.  The relevant Services Agreement, according to the
10 complaint, assigned an implicit duty to defendants to defend the reputation of Ingenix's
11 databases.  Plaintiffs further contend that defendants' failure in this regard resulted in costly
12 litigation brought against plaintiffs.  Plaintiffs seek monetary damages.

13     Safeco first served OptumInsight on March 27, 2013.  Dkt. # 1, p. 3.  Defendants
14 collectively filed a timely notice of removal to this Court on April 25, 2013, based on federal
15 diversity jurisdiction. They contend that all three plaintiff entities maintain principal places of
16 business in Washington; that UnitedHealth is a Minnesota corporation with its principal place
17 of business in Minnesota; that OptumInsight is a Delaware corporation with its principal place
18 of business in Minnesota; and that Concentra is a Massachusetts corporation with a principal
19 place of business either in Minnesota or in Texas.  *Id.*  Plaintiffs filed the instant motion to
20 remand alleging Safeco's "principal place of business" is in Massachusetts such that diversity
21 jurisdiction is defeated.  Dkt. # 33.

22                          **III. FACTUAL BACKGROUND**

23     Safeco Insurance, originally "General Insurance," was founded in Seattle, Washington
24 in 1923. Dkt. # 2, p. 2.  In the 1960s, Safeco Corp. was named a subsidiary of General
25 Insurance.  *Id.*  Safeco Corp. remains a holding company for various Safeco entities, including
26 Safeco Insurance "and its affiliates."  *Id.*  In 2008, Safeco became a subsidiary of Liberty
27 Mutual Insurance ("Liberty Mutual").  *Id.*  Safeco's public website has since continued to list

ORDER - 2

1  the corporate location of "Safeco Insurance Company of America and/or its affiliates" as "1001
2  4th Ave, Seattle, Washington 98154." *Id.* at 3.  Safeco and its representatives have also made
3  public representations—including press releases; the Terms and Conditions of Use made
4  available on the company's website; statements by the company's President, Matthew
5  Nickerson; and national advertisements—contending that its headquarters and principal place
6  of business is Seattle, Washington.  Dkt. # 48, p. 8-10.

7       The question of Safeco's "principal place of business" was previously submitted to
8  another Court in this District in *Safeco Ins. Co. of Am. v. Woods*.  2013 WL 316184, at * 1
9  (W.D. Wash. Jan. 28, 2013). There, relying primarily on the declaration of Safeco corporate
10 officer James R. Pugh—which stated that the majority of the officers comprising Safeco's
11 executive management team are now based out of Boston, Judge Robert L. Bryan found that
12 SICA maintains its principal place of business in Massachusetts.  However, since that Court's
13 January 2013 decision, SICA has filed a number of pleadings and affidavits with federal courts
14 throughout the country contending that its place of citizenship for the purposes of diversity
15 jurisdiction is Washington.  Dkt. # 48, p. 15-19.

16      On May 8, 2013, after Safeco filed its motion to remand in this case, SICA filed a
17 complaint in Vermont representing that SICA's principal place of business is in Washington.
18 *Safeco Ins. Co. of Am. v. Nadeau's Plumbing & Heating Inc.*, No. 2:13-cv-00075 (D. Vt. May
19 8, 2013).  Days earlier (and on the same day as Safeco filed its motion to remand in the instant
20 case), SICA filed an answer in the Northern District of California denying that its principal
21 place of business is in Massachusetts. *Technoglass, S.A. v. Moos Distrib., Inc.*, No. 3:13-cv-
22 1031 (N.D. Cal. May 2, 2013).  Other examples include a petition of removal in the Central
23 District of California on April 19, 2013, and a complaint in the Southern District of Florida
24 contending that SICA's "principal place of business" is Washington.  *See Jackson v. Safeco
25 Ins. Co. of Am.*, No. 5:13-cv-00723 (C.D. Cal. April 19, 2013); *see Safeco Ins. Co. of Am. v.
26 Chatsworth Real Estate Investors, LLC*, No. 9:13-cv-80249 (S.D. Fla. March 12, 2013).
27      The following Safeco executives and employees operate out of the Seattle, Washington

ORDER - 3

location: Kimberly Haza, Safeco's Senior Vice President and Senior Product Manager; James O'Donnell, Senior Vice President; Eric Trott, Vice President of Safeco Marketing; Ray Hughes, Vice President and General Manager; Donald DeShaw, Vice President and General Counsel; Becky Fann, Vice President; Randy Eng, Assistant Vice President of Business Intelligence; David Kopetzky, Assistant Vice President of Online Experience; Melanie Hering, Director of Agency Management; Patty McCollum, Compliance Director; Chuck Blondino, Director of Marketing; and, Kent Kawaguchi, Director of Travel and Meetings Management. Dkt. # 48, p. 11.

The following Safeco employees operate out of the Liberty Mutual headquarters in Massachusetts: Timothy M. Sweeney, Dexter R. Legg, John D. Doyle, Laurence Henry Soyer Yahia, Anthony A. Fontantes, Christopher L. Peirce, Stephen J. McAnena, Elizabeth J. Morahan, Margaret Dillon, Susan M. Sibbernsen, Paul Ivanovskis, and Stephan D. Hylka. Of those twelve executives, seven are also considered part of the corporate or executive management team of Liberty Mutual. The five personnel members who are not considered part of the Liberty Mutual leadership team—Paul Ivanovskis, Susan Sibbernsen, Margaret Dillon, Elizabeth J. Morahan, and Stephen J. McAnena—are either on the Board of Directors, serve as Vice President, or serve as Chief Financial Officer ("CFO") or General Counsel. Dkt. # 35, p. 2-6.

Lastly, Matthew Nickerson, President and Executive Vice President of Safeco Insurance and Member of the Senior Operating Management Team for the Personal Insurance Strategic Business Unit, is the only member of the leadership team listed on Safeco's website. Both parties concede that Nickerson is located in Seattle, Washington. Dkt. # 48, p. 10; Dkt. # 35, p. 6.

## IV. DISCUSSION

**A. Legal Standard**

District courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between citizens of different

states. 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of every State and foreign state where it has its principal place of business . . . ." 28 U.S.C § 1332(c)(1). A corporation's "principal place of business" is the "nerve center," or the place where the entity's high level officers "direct, control, and coordinate" the activities of the corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

The nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93. Moreover, an inference may be drawn from *Hertz* that the place the public perceives to be the location of a company's headquarters or main business location goes to the heart of the underlying purpose of diversity jurisdiction. *Id.* at 93. "The public often (though not always) consider[s] it the corporation's main place of business." *Id.* The party asserting diversity jurisdiction has the burden of persuasion. *Id.*

**B. Analysis**

Defendants contend denial of plaintiffs' motion to remand is appropriate as public statements and Safeco's prior court filings in this and other districts establish that the entity's headquarters is Seattle, Washington. Furthermore, defendants assert, the location from which Safeco's high level officers direct, coordinate, and control the company's business activity confirms that Safeco is a Washington company.

*1. Treatment of the Plaintiff Entities*

As an initial matter, defendants contend that SICI and Safeco Corp. were fraudulently joined, which would render their respective citizenships irrelevant to the jurisdictional determination. When no plausible cause of action exists between a named plaintiff and the opposing parties, the named plaintiff is fraudulently joined and should be ignored for the purposes of diversity jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Caouette v. Bristol-Myers Squibb Co.*, 2012 WL 3283858, at * 1 (N.D. Cal.).

The plausibility of asserting any of SICI and Safeco Corp.'s seven causes of action

turns on the Services Agreement that plaintiffs allege assigned defendants an implicit duty to protect the reputation of the Ingenix databases. Importantly, the named parties to the Services Agreement are Ingenix and SICA. Therefore, Ingenix's databases, and the crux of this case, were set up solely for the benefit of SICA. Safeco Corp. is not explicitly listed in the Services Agreement and has no plausible cause of action against defendants. Although SICI is named in two lawsuits that plaintiffs claim give rise to damages, the alleged duty was designed for the explicit benefit of SICA, and the lawsuit initiated against SICI is therefore irrelevant in terms of establishing a cause of action. In other words, defendants' obligation, if any, was to SICA exclusively.

Safeco contends that, because the Services Agreement lists SICA *and its affiliates* as parties to the agreement, SICI and Safeco Corp. are proper parties. But Safeco's representations are inconsistent. On one hand it contends that SICA, SICI, and Safeco Corp. are separate legal entities for the purposes of establishing jurisdiction and, as such, this Court should find that Safeco's principal place of business is in Massachusetts. On the other hand, plaintiffs urge the Court to consider SICI and Safeco Corp. "affiliates" of SICA pursuant to the Services Agreement.[1] Plaintiffs cannot have it both ways.

Therefore, one of two situations must be true. Either, pursuant to the Services Agreement, SICA "and its affiliates" are to be treated as a single entity with its principal place of business in Seattle, Washington; or, SICA, SICI, and Safeco Corp. are separate entities and, because the named party to the Services Agreement with Ingenix is SICA, that party alone would be the beneficiary of the duty, if any, owed by defendants. In the latter case, there could not be a plausible cause of action by SICI or Safeco Corp. against defendants, meaning the entities were fraudulently joined.

Since the 1960s, Safeco Corp. has been a holding company for various Safeco entities, including Safeco Insurance and its affiliates. Although the insurer licensing information

---

[1] Notably, the Services Agreement itself explicitly identifies Seattle, Washington as the principal place of business of SICA and its insurance company affiliates.

ORDER - 6

1 provided on Safeco's website states that its underwriters, including SICA and SICI, should be
2 treated as "separate and distinct legal entit[ies]," the website regularly refers to "Safeco
3 Insurance Company of America, *or its affiliates*" (emphasis added).  Furthermore, the high
4 level officers that plaintiffs contend direct and control Safeco Corp.'s activities for the purposes
5 of establishing the corporation's nerve center are almost entirely the same individuals plaintiffs
6 contend direct and control SICA and SICI.  Notwithstanding the fact that the same officers
7 control Safeco Corp., SICA, and SICI, plaintiffs argue that the entities should be treated as
8 operating out of different nerve centers.  This assertion is counterintuitive and the Court notes
9 that even if it were to consider the entities separately, whether plaintiffs are treated collectively
10 or separately is of no moment, as plaintiffs have their principle place of business in
11 Washington.  Accordingly, the Court declines to address the fraudulent joinder issue and will
12 proceed by treating plaintiffs as a single entity for the purposes of deciding this motion.
13 *2. Safeco's Headquarters*

14 "A corporation's 'nerve center,' usually its main headquarters, is a single place" that is
15 often considered by the public to be the entity's main place of business.  *Hertz*, 559 U.S. at 93.
16 District courts in this Circuit and throughout the country have relied on public statements, such
17 as a corporation's website, to support a jurisdictional determination.  *See, e.g.*, *Batres v. N.H.*
18 *Ball Bearings, Inc.*, 2012 U.S. Dist. LEXIS 111457, at * 3 (C.D. Cal. Aug. 7, 2012) (relying on
19 a corporation's website to locate its headquarters and principal place of business); *see also*
20 *Health Facilities of Ca. Mut. Ins. Co., Inc. v. British Am. Ins. Grp., Ltd.*, 2011 WL 97695, at *
21 3 (C.D. Cal. Jan. 11, 2011) (considering the places identified on the plaintiff's website as
22 support of its only address).  In other cases, courts have used such statements to at least support
23 a jurisdictional finding.  *See, e.g.*, *Mendez v. Jarden Corp.*, 503 Fed. Appx. 930, 936 (11th Cir.)
24 (relying on corporation's press releases to support the court's finding of the corporation's
25 principal place of business); *Firestorm Partners 2 LLC v. Vassel*, 2012 WL 1886942, at * 5
26 (E.D.N.Y. March 8, 2012) (stating that "[i]nformation available on [the corporation's] public
27 website . . . sheds light on the company's organizational structure" and the location of its

1  headquarters).

2     Here, Safeco's numerous public statements are pertinent evidence that the entity's
3  headquarters is Seattle, Washington.  Plaintiffs' website states that Safeco was founded as a
4  Washington company ninety years ago.  SAFECO INSURANCE, http://www.safeco.com/home
5  (last visited July 9, 2013).  Since 2008, when Safeco became part of Liberty Mutual, the
6  website has continued to state that "Insurance is offered by Safeco Insurance Company of
7  America and/or its affiliates, 1001 4th Ave., Seattle, WA 98154." *Id.*  The website further
8  professes that the entity's "Headquarters are located in Seattle, Washington unless otherwise
9  indicated."  TERMS AND CONDITIONS OF USE, http://www.safeco.com/terms-and-conditions (last
10 visited July 9, 2013).  As defendants point out, plaintiffs never "otherwise indicate[]."  Dkt. #
11 48, p. 7-9.

12    Additionally, in a July 2012 announcement, Safeco President Matthew Nickerson
13 stated, "Seattle continues to be Safeco's home and I look forward to continuing our company's
14 legacy of community involvement and philanthropy."  LIBERTY MUTUAL INSURANCE
15 ANNOUNCES MIKE HUGHES AS PRESIDENT, BUSINESS INSURANCE; MATTHEW NICKERSON
16 NAMED PRESIDENT, SAFECO INSURANCE, http://www.safeco.com/about-safeco/news-
17 detail/matt-nickerson-safeco-president/2237832482808 (last visited July 9, 2013).  Dozens of
18 press releases from 2010 through the present represent Safeco as a Seattle-based company.
19 *See, e.g.,* Press Release, Safeco Insurance, Vote for your Favorite Safeco Insurance Community
20 Hero (May 13, 2013) (*available at* http://www.safeco.com/about-safeco/news-detail/safeco-
21 insurance-community-hero-vote-spring-2013/1240015167283) (last visited July 9, 2013).
22 Safeco has also consistently contended in pleadings and affidavits in courts throughout the
23 country that it is a Washington company.  *See, e.g., Safeco Ins. Co. of Am. v. Alliance*
24 *Mechanical, Inc.*, No. 2:13-cv-00318 (D. Nev. Feb. 26, 2013).  At a minimum, this evidence
25 establishes that Safeco's headquarters is Seattle, Washington.

26    In an attempt to refute the contention that its principal place of business is similarly
27 located in Seattle, Washington, Safeco first points to Judge Robert L. Bryan's opinion in

ORDER - 8

1   *Woods*. 2013 WL 316184, at * 1. There, the Court considered the question of Safeco's
2   "principal place of business." *Id.* Applying *Hertz*'s nerve center test and relying almost
3   entirely on a declaration by James R. Pugh, a corporate officer of Safeco, the Court found that
4   Safeco's principal place of business was in Massachusetts. *Id.* at * 3.
5         Plaintiffs urge this Court to similarly find that Safeco's principal place of business is in
6   Massachusetts. In support of this contention, Safeco has again provided the Court with a
7   declaration by Mr. Pugh. Dkt. # 35. However, as defendants argue, Judge Bryan relied almost
8   exclusively on the declaration from Mr. Pugh in deciding the location of Safeco's nerve center.
9   This Court has been provided with much more evidence upon which to base its conclusion,
10   specifically, a public statement by Safeco's President; press releases authored by the company;
11   filings by Safeco in courts throughout the nation; statements on the company website defining
12   Seattle, Washington as the location of the entity's headquarters; and the location of many of
13   Safeco's high level officers. There is no evidence that Judge Bryan had an opportunity to
14   review any evidence other than the declaration of Mr. Pugh, the company website, and Safeco
15   landmarks. *Woods*, 2013 WL 316184, at * 3. Therefore, the Court finds the evidence
16   presented by defendants supporting the contention that Safeco's headquarters is Seattle,
17   Washington sufficient to overcome the evidence presented in Mr. Pugh's declaration.
18   *3. Safeco's High Level Officers*
19         The key to establishing an entity's "principal place of business" or "nerve center" is
20   defining the place in which the company's high level officers direct, control, and coordinate the
21   activities of the corporation. *Hertz*, 559 U.S. at 92. Importantly, "[f]or diversity purposes, a
22   parent and its subsidiary are treated as separate entities with separate principal places of
23   business." *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F.Supp. 1038, 1041 (N.D. Cal.
24   Feb. 8, 1993) (citing *Lurie v. Loew's San Francisco Hotel Corp.*, 315 F.Supp. 405, 410 (N.D.
25   Cal. 1970).
26         Safeco attempts to rebut the presumption that its nerve center is Seattle, Washington by
27   providing the Court with a declaration by Mr. Pugh stating that certain high level officers of

1  Safeco operate out of the corporate offices and headquarters of Liberty Mutual in Boston,
2  Massachusetts. Defendants have also provided a list of Safeco's executive officers. Of the
3  twelve leaders listed by Mr. Pugh, at least seven are considered part of the corporate or
4  executive management team of Liberty Mutual, Safeco's parent company, while dually serving
5  as high level executives for Safeco itself. On the other hand, the employees listed by
6  defendants serve exclusively as executive officers of Safeco out of the entity's headquarters in
7  Seattle, Washington. Safeco fails to dispute that its headquarters is in Washington. Rather, its
8  filings in the instant case confirm that the individuals listed by Mr. Pugh work out of the
9  headquarters of Safeco's *parent* entity. As defendants bring to the Court's attention, Safeco has
10 no office of its own in Boston, Massachusetts.

11       Moreover, Matthew D. Nickerson, President and Executive Vice President of Safeco
12 Insurance and Member of the Senior Operating Management Team for the Personal Insurance
13 Strategic Business Unit, is the only member of the leadership team listed on the company's
14 website. He, it is conceded by both parties, is located in Seattle, Washington. The importance
15 of Mr. Nickerson's role within the managerial and executive structure is confirmed by Safeco's
16 own website and public representations.[2]

17       Taken together, the evidence presented by both parties establishes that Safeco's
18 principal place of business is in Seattle, Washington, the place of its headquarters. The
19 physical location of Safeco's executives confirm defendants' contentions that Safeco's
20 headquarters, nerve center, and the principal place of business from which Safeco's high level
21 officers control, coordinate, and direct the entity's activities, is Seattle, Washington.

---

[2] Mr. Nickerson's role within Safeco is also confirmed by third party statements. *See, e.g.,* COMPANY OVERVIEW OF SAFECO INSURANCE COMPANY OF AMERICA, http://investing.businessweek.com/research/stocks/private/peopel.asp?privcapId=4165475 (last visited June 17, 2013) (providing a company overview of SICA that lists Matthew D. Nickerson as "President and Chief Financial Officer" of the company); COMPANY OVERVIEW OF SAFECO CORPORATION, http://investing.businesswekk.com/research/stocks/private/snapshot.asp?privcapId=113845 (last visited June 17, 2013) (providing a company overview of Safeco Corp. that lists Matthew D. Nickerson as "President and Vice President" of the company).

ORDER - 10

*4. Estoppel*

Generally, absent a persuasive explanation, "a party should not be allowed to gain an advantage by litigation on one theory and then seek an inconsistent advantage by pursuing an incompatible theory." *Int'l Union of Operating Engineers v. Cty. of Plumas*, 559 F.3d 1041, 1043 (9th Cir. 2009) (internal citations omitted). However, estoppel may not be used to create diversity for the purposes of jurisdiction. *U.S. v. Ceja-Prado*, 33 F.3d 1046, 1050-51 (9th Cir. 2003). Rather, such filings may only be considered for the purposes of supporting and establishing jurisdiction. *Id.* Although notably, the Ninth Circuit has indicated there may be "strong policy reasons for applying some theory of estoppel in the diversity context in order to prevent parties from deliberately manipulating our exercise of jurisdiction." *Id.*

Thus, although the numerous instances in which Safeco contradicts itself regarding its principal place of business may not estop Safeco's argument that its principal place of business is Massachusetts, Safeco's representations serve at the very least to support the Court's determination that Safeco's headquarters is in fact in Seattle, Washington.[3] Accordingly, diversity jurisdiction has been established and plaintiffs' motion to remand shall be DENIED.[4]

## V. **CONCLUSION**

Having considered the motion, the responses and reply thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion to Remand (Dkt. # 33) is DENIED.

---

[3] Additionally, serious doubt has been cast as to the reliability of Safeco's contentions. By Safeco's own admission, all of the more than twenty previous case filings indicating that Safeco is a Washington company were "mistakenly" filed. In addition to this "mistake" that has been made throughout the country, plaintiffs' alleged inaccurately that SICA is a Washington corporation in its complaint in the *instant* case. In fact, SICA is now a New Hampshire corporation. This compounds the issue of reliability in light of the fact that plaintiffs claim all prior filings contending Safeco's principal place of business is Washington were similarly "mistakes."

[4] The Court notes that the parties' memoranda were littered with sarcasm and unprofessional remarks. The Court explicitly reminds all parties that any future filings are expected to maintain a professional tone.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 22nd day of July 2013.

>  
> RICARDO S. MARTINEZ  
> UNITED STATES DISTRICT JUDGE

ORDER - 12